

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:　　　　　　　Opinion No. O-4958

　　　　　　　　　　Re: Does a Tax Assessor-Collector
　　　　　　　　　　have the authority to report
　　　　　　　　　　the State and county ad valorem
　　　　　　　　　　taxes delinquent in a case
　　　　　　　　　　where he accepts a check in
　　　　　　　　　　payment of the taxes, and the
　　　　　　　　　　check is returned unpaid?

　　　　　This will acknowledge receipt of your letter of
November 2, 1942, as follows:

　　　　　"We are enclosing a copy of Opinion O-4745
with reference to the cancellation of a one per-
cent motor vehicle tax receipt where the Tax As-
sessor-collector had accepted a check in payment
of the retail sales tax levied by Article 7047K
Vernon's Annotated Civil Statutes, and the check
was returned unpaid. We are also enclosing a copy
of opinion written by F. O. McKinsey, Assistant At-
torney General, on January 16, 1932, in which he
held that the Tax Assessor-collector would have the
authority to report ad valorem taxes delinquent in
a case where he had accepted a check in payment of
the taxes, and the check was deposited by the Tax
Assessor-collector in the county depository, and
the bank on which the check was drawn issued a
draft to said county depository, but before the
draft was paid, the bank on which the check was
drawn closed its doors.

"We also call your attention to Opinion O-2889, written by Judge Ocie Speer on November 19, 1940.

"Please advise us whether or not your opinion supersedes Judge McKinsey's opinion, and applies to ad valorem tax payments, as well as one percent motor vehicle tax payments.

"Inasmuch as Judge McKinsey's opinion specifically referred to a bank failing, we shall ask that you advise us whether or not the Tax Assessor-collector has the authority to report the State and county ad valorem taxes delinquent in a case where he accepts a check in payment of the taxes, and the check is returned unpaid."

You first ask whether or not our Opinion No. O-4745, a copy of which you enclosed with your letter, holds contrary to the opinion of former Assistant Attorney General F. O. McKinsey, directed to you under date of January 16, 1932, a copy of which is also enclosed with your letter. You also enclose a copy of the opinion of the Attorney General written by Assistant Attorney General Ocie Speer to you under date of November 19, 1940.

While these three opinions are on a related subject, they are distinguishable, upon the facts presented, and not in conflict, as we shall presently point out. All of these opinions express the common conclusion, sustained by ample authority, that the Tax Collector is not authorized to accept anything in payment and discharge of taxes owing the state and county except cash. Austin v. Fox, 1 S. W. (2d) 601; Figures v. State, 99 S. W. 412; Ward v. Marion Co., 62 S. W. 557, 63 S. W. 155; Miller v. State, 53 S. W. (2d) 790; Soisson v. State, 51 S. W. (2d) 703.

It is, of course, common knowledge and practice that a very substantial portion of state and county ad valorem taxes, as well as other taxes, are paid to the Tax Collector by check, but the common practice of the Tax Collector in thus accepting checks, while not illegal as between him and the tax payer, in the sense it is specifically condemned by statute, is nevertheless unauthorized. Until the check is paid, it amounts to nothing more than a personal and private arrangement between the Tax Collector and tax payer for the convenience and accommodation of the latter.

Honorable George H. Sheppard - Page 3.

What are the distinguishable features of these three opinions? In the opinion of Judge F. O. McKinsey of this department of date January 16, 1932, directed to you, the state and county ad valorem taxes were not in fact legally paid for the obvious reason that the usual and conventional banking practices resorted to by the Collector and the tax payer for the collection of the check never reached the stage of final payment to the Collector, the drawee bank having become insolvent before the check cleared. In brief, the taxes were not paid, hence became delinquent; and having become delinquent, it was the duty of the Tax Collector under the provisions of Article III, Section 55, Constitution and Articles 7260, 7263 and 7321, V. A. C. S. to report the taxes delinquent.

In the Opinion No. O-4745 of this department under date of October 20, 1942, by Assistant Attorney General Cecil C. Rotsch, also directed to you, it must be borne in mind that the tax there involved is a retail sales tax imposed on the retail sale of motor vehicles by virtue of Section 5 of Acts of 1941, 47th Legislature, Chapter 184, Article VI, which is Article 7047k in V. A. C. S. In this instance the Tax Collector had a double duty to perform: (1) To collect the taxes imposed by law upon the sale or transfer of motor vehicles within his county; (2) To register such motor vehicles after the tax has been paid, and to refuse to register such motor vehicles until the tax is paid. These duties devolve upon the Tax Collector simultaneously as observed from the following provision, a part of the Act:

"The tax shall be paid at the time application is made for registration of said motor vehicle, and the tax collector shall refuse to issue the registration license until the tax is paid." (Emphasis ours.)

The Legislature evidently had in view the possibility of the state losing the taxes imposed under this provision of the statute, altogether a different kind of tax from state and county ad valorem taxes, unless the Tax Collector collected and the tax payer paid the taxes simultaneously and concurrently with the transfer of the motor vehicle. This, we think, gave rise to the above quoted provision of the law.

Honorable George H. Sheppard - Page 4.

It is also significant to further note that this article provides that the Collector report taxes collected and paid, but makes no provision for assessment of the taxes or reporting delinquencies thereunder as in the case of ad valorem taxes. The Legislative intent of thus imposing extra care and diligence upon the part of the Tax Collector in the method of collecting these special taxes is thus further emphasized. The Tax Collector accepted the check as payment of the tax in this instance, hence, there was not only a violation of his authority as Tax Collector, but in so doing he enabled the tax payer to escape the tax levy and make the collection thereof impossible or impracticable. We think the opinion correctly holds that the Tax Collector and his bondsmen should be held liable for the loss thus occasioned.

In our Opinion No. O-2889 under date of November 19, 1940, by Assistant Attorney General Ocie Speer holding, under the facts of that case, that the tax payer had in legal effect paid his taxes, even though the Collector did not physically receive cash, is based upon the premise that in that case the tax payer did in truth and in fact legally pay his taxes. Failure of the Collector to actually and physically receive the cash was not due to any fault of the tax payer but to his own, as pointed out by Judge Speer. The Collector accepted the bank's check in lieu of cash, causing the tax payer's check to be paid and her account accordingly charged. The situation would be the same as if the Collector had received cash upon the check and immediately purchased the cashier's check therewith. In such a case obviously the liability rests upon the Tax Collector and not the tax payer. Moreover, in this instance the Collector recognized his personal liability by filing his claim and collecting a dividend thereon from the insolvent bank.

We have thus taken some pains, at the risk of being tedious, to point out wherein we think all three decisions are correct and not in conflict.

We come now to the specific question contained in your request:

"Does a Tax Assessor-Collector have the authority to report the state and county ad valorem taxes delinquent in a case where he accepts a check in payment of the taxes, and the check is returned unpaid?"

Honorable George H. Sheppard - Page 5.

It follows from what we have said in our comments on the prior opinion of Judge McKinsey, that we are of the opinion that the Tax Collector has the authority to report the state and county ad valorem taxes delinquent, where he receives a check in payment thereof, which is returned unpaid. We do not reach this conclusion based upon the theory that the Tax Collector is authorized to accept the tax payer's check in lieu of cash; strictly speaking he is not, but it is based upon the broader principle that the tax payer cannot escape and discharge his obligation to the state and county in the payment of his taxes by check dishonored by the bank upon which it is drawn. In other words, his taxes are not <u>paid</u>, and, therefore, must be delinquent, and being delinquent, should be reported as such. The tax payer's rights to make conventional payment by check, if such he has, must yield to the paramount rights of the state and county to receive only cash in the payment of taxes, and until this end is accomplished his taxes are delinquent if the time fixed by law for payment has expired.

You are, therefore, respectfully advised that in our opinion a Tax Assessor-Collector has the authority to report the state and county ad valorem taxes delinquent in a case where he accepts a check in payment of the taxes, and the check is returned unpaid.

Under certain circumstances, the Tax Collector and his bondsmen may undoubtedly be liable to the state and county arising from his unauthorized act in accepting the tax payer's personal check instead of cash; and it is not our intention or purpose in this opinion to hold to the contrary. This is clear from our comments above on our former Opinions No. 0-4745 and No. 0-2869 by Assistant Attorneys General Rotsch and Speer respectively. We do not understand this question to be within the purview of your inquiry in the instant case, however, this opinion covers only the matter of the right of the Collector to report as delinquent taxes attempted to be paid by the tax payer's unhonored personal check.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

D. P. Lollar
Assistant

APPROVED NOV 21, 1942
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

LPL:JP